ANGELO MINUTILLA *vs.* PROVIDENCE ICE CREAM CO.

FEBRUARY 27, 1929.

PRESENT: Sweetland, C. J., Sweeney, and Barrows, JJ.

BARROWS, J. Plaintiff, a customer in a restaurant, purchased and ate therein a portion of ice cream manufactured and put up by defendant in small parcels, each wrapped in tissue paper. The cream was kept in a cooler furnished by defendant, the pieces being taken out singly and served in the wrappers. Imbedded in the middle of plaintiff's parcel were four very small particles of glass which scratched plaintiff's throat and two of which a physician removed from his stomach by means of a stomach pump. The fragments of glass were so small that they probably would have been swallowed unnoticed except for the scraping of plaintiff's throat and a subsequent crushing of a spoonful of cream to ascertain what the hard substance might be. Return to the counterman and examination by him disclosed another bit of glass in the "middle" of the portion which had been served to plaintiff. Plaintiff who incurred some medical expenses and suffered for a time with stomach trouble brought suit in "trespass on the case for negligence" and recovered a verdict for $425, which was not excessive.

The declaration contained two counts: the first, asserting negligence in the manufacture of the cream; the second asserting the presence of glass but without averment of negligence. Defendant is before this court claiming numerous errors in the course of the trial, including refusal of the court to direct a verdict for defendant, and the court's subsequent refusal to grant defendant's motion for a new trial based upon the ground that the verdict was against the evidence.

The trial court treated the case under the pleadings as an action of trespass on the case for negligence. The plea was not guilty. There is a suggestion now made that the second count sounded in contract for breach of an implied warranty, *Hertzler* v. *Manshum*, 200 N. W. 155 (Mich.). As pointed out in *Roberts* v. *Anheuser Busch*, 211 Mass. 449, while a breach of warranty sometimes may be the basis for a tort action of deceit, cf. *Newhall* v. *Ward Baking Co.*, 240 Mass. 434, there can be no warranty without privity of contract. For breach of warranty under the Sales act compare *Smith* v. *Gerrish*, 256 Mass. 183. No pretense is made that the count asserted a right of action under the Sales act. No actual privity was claimed to exist. In a single action recovery can not be had in both contract and tort. *Drury* v. *Armour & Co.*, 140 Ark. 371. *O'Brien* v. *Liggett Co.*, 255 Mass. 553. The second count may have been an attempt to follow the Massachusetts practice of suing in contract or tort and electing on which count to go to the jury. No warrant exists for such procedure here. It may have been inserted on the theory that it set forth an action of trespass on the case for negligence by reason of the doctrine of *res ipsa loquitur*. If so its allegations were insufficient. *Bennett* v. *Connery & Co.*, 48 R. I. 350. The court rightly disregarded the second count and tried the case as one controlled by the ordinary requirements of an action for negligence wherein plaintiff to succeed always has the duty of establishing defendant's negligence.

Defendant asked for the direction of a verdict on the ground that it had violated no duty to plaintiff because no privity of contract existed between them. *McCaffrey* v. *Mossberg & Granville Mfg. Co.*, 23 R. I. 381; *Slattery* v. *Colgate Co.*, 25 R. I. 220. It asserted that ice cream was not an "imminently dangerous substance" and that defendant in the absence of privity of contract between the maker and the injured consumer was not liable. While the *McCaffrey* case was based on lack of privity it inferentially suggests, on page 386, that "the furnishing of provisions

which endanger human life or health," may call for the application of a different rule. Since that time modern conditions of preparing and marketing food products have necessitated the adoption of the general rule that a maker who through a retailer furnishes unwholesome food or drink for public consumption may be directly liable to the injured consumer who purchases from the retailer. 17 A. L. R. 688; 11 R. C. L. 1123; 26 C. J. 785; some courts have said that, if defendant negligently prepares the food, damage to a consumer may reasonably be anticipated and no privity of contract is necessary. *Ketterer* v. *Armour & Co.*, 200 Fed. 322, affirmed in 247 Fed. 921; *Tomlinson* v. *Armour*, 75 N. J. L. 748; *Parks* v. *C. C. Yost Pie Co.*, 93 Kans. 334; *Ternay* v. *Ward Baking Co.*, 167 N. Y. Supp. 562 (glass); *Freeman* v. *Schults Bread Co.*, 163 N. Y. Supp. 396; *Watson* v. *Augusta Brewing Co.*, 124 Ga. 121 (glass); *Meshbesher* v. *Channellene Oil Co.*, 107 Minn. 104; *Jackson Coca Cola Bottling Co.* v. *Chapman*, 106 Miss. 864; *Crigger* v. *Coca Cola Bottling Co.*, 132 Tenn. 545; *Drury* v. *Armour*, 140 Ark. 371; *Davis* v. *Van Camp Packing Co.*, 189 Iowa, 775 (jury, manufacturer's care not conclusive), s. c. 17 A. L. R. 649; *Haley* v. *Swift*, 152 Wis. 570. Some have likened the sale of food to that of poisonous drugs and patent medicines, the safe compounding of which is demanded by public policy, *Richenbacher* v. *Calif. Packing Co.*, 250 Mass. 198, *Bishop* v. *Weber*, 139 Mass. 411; others have found a privity of contract between maker and ultimate consumer in what has been called an implied warranty of wholesomeness. *Davis* v. *Van Camp Packing Co.*, *supra*. Some, accepting the general doctrine that no action is maintainable without privity, have made an exception in cases of food. *Mazetti* v. *Armour*, 75 Wash. 622. Some, as in Massachusetts, have allowed recovery based on either implied warranty or negligence but not in the same action, *Richenbacher* v. *Calif. Packing Co.*, *supra; Davis* v. *Van Camp*, *supra; Chysky* v. *Drake Bros. Co.*, 192 App. Div. 186; and some only for negligence, *Drury* v. *Armour*, *supra*. No error was made

in refusing to direct a verdict for lack of privity of contract and defendant, if negligent, was liable to plaintiff.

Was the evidence sufficient to warrant submission to the jury and to sustain the finding for plaintiff? Perhaps in no state have so many and recent cases been brought for putting out dangerous foodstuffs as in Massachusetts. One of the latest is *O'Brien* v. *Liggett Co.*, 255 Mass. 553 (glass), wherein the court held that the mere presence of glass in strawberry shortcake served by defendant was not evidence to warrant an inference that *defendant* was negligent. The case followed *Ash* v. *Childs*, 231 Mass. 86, which is adversely criticised in Wigmore on Evidence, Vol. 5, p. 495, 2d ed., as casting an improper burden on plaintiff. The doctrine of *res ipsa loquitur* in some states has been applied only in cases of canned goods or those in sealed packages. *Richenbacher* v. *Calif. Packing Co., supra.* Without discussing the limitations of the *res ipsa loquitur* doctrine we may note that the court in this case expressly stated it to be inapplicable and plaintiff assented thereto. Defendant, however, urges that the court substantially permitted the jury to find its verdict by application of the doctrine of *res ipsa loquitur* in spite of plaintiff's disclaimer of reliance thereon and of the explicit statement of the court. The transcript shows that in the extended discussion of the law between the court and counsel for the defendant the court said that defendant's negligence could not be assumed, it must be established by a preponderance of evidence. The position of the court is fairly shown by defendant's brief in this court where his counsel complains (p. 23): "The court charged that in view of the practical impossibility for one who buys a food product to know the conditions under which that particular loaf of bread or piece of ice cream was manufactured, the law, in view of that difficulty, if a person is injured by a food product and he can show, by proper probative evidence, that he bought that food product in the original package in which it was put up by the maker and that in that original package was a substance which

was harmful or injurious to the human body and he shows that to the satisfaction of the jury, then a presumption arises that the manufacturer of that food product was negligent in its manufacture." This statement of the law was not an application of the *res ipsa loquitur* doctrine. *Davis* v. *Van Camp Packing Co., supra.* The court ruled that testimony that bits of glass were imbedded in the frozen cream together with evidence that it was served in the original package furnished the basis for a reasonable inference of negligence on the part of the manufacturer. The court used presumption in reference to the procedural matter of requiring defendant to go forward with evidence. It did not use it in the strict meaning of the term. A presumption strictly is not evidence. It is an excuse for not producing evidence. A presumption if met by satisfactory evidence vanishes and leaves nothing for the jury to pass upon. *Colangelo* v. *Colangelo*, 46 R. I. 138; *Callahan* v. *Weybosset Pure Food Market*, 47 R. I. 361; *Van Ausdall* v. *Van Ausdall*, 48 R. I. 106. Here the finding of the glass in the middle of the cream and the tracing of the wrapped-up parcel uninterfered with until served to plaintiff from the container provided by defendant and unwrapped by plaintiff would justify a reasonable human being in drawing the logical inference that the glass got into the cream as a result of the maker's carelessness in mixing. Cf. *Flaccomio* v. *Eyesink*, 129 Md. 367. This inference was more than a presumption or a substitute for evidence as a matter of procedure. It was a logical deduction from the circumstances shown to exist between the making of the cream and the finding of the glass. *Freeman* v. *Schults Bread Co., supra.* "Negligence is usually an inference from facts." *Venbuvr* v. *Lafayette Worsted Mills*, 27 R. I. 89.

When defendant then offered in evidence facts showing that the utmost care in straining and preparing ingredients for the cream was exercised by defendant at about the time this particular piece of cream was made, although the manufacture of the particular piece of cream causing the

injury could not be traced by defendant, the basis was furnished for a logical inference that defendant was not negligent. If the care commonly used by defendant had been exercised the presence of these pieces of glass in the cream sold to the plaintiff would have been impossible. Yet the fact remains that there they were with no circumstance to warrant an inference of negligence on the part of anyone other than defendant. *Davis* v. *Van Camp Packing Co.*, 189 Iowa, 775. Only when no inference of defendant's negligence fairly may be drawn from the facts can a verdict be directed in his favor. *Hardie* v. *Boland Co.*, 205 N. Y. 336; *Hasbrouck* v. *Armour*, 139 Wis. 357; *O'Brien* v. *Liggett*, *supra*. In the case at bar plaintiff's testimony sufficiently excluded other possible causes of the presence of the glass to warrant an inference that defendant in spite of its usual care was negligent. On the other hand defendant's testimony furnished a basis for an inference of defendant's due care. The jury had to determine which of the two inferences to draw and to consider the evidence in the light of the court's charge that plaintiff must establish defendant's negligence by a preponderance of the evidence. That there was no evidence to show how the glass got there and that defendant's evidence was that no electric light bulbs or other glass had been broken near the place of manufacture, either at or about time the cream was made or at any other time were facts to be considered. The real determination had to be whether the evidence of customary care as an inference of care in this case was outweighed by the inference of defendant's negligence arising from the presence of glass in the original package. Questions of inference frequently arise in the determination of disputed questions of negligence. In *Tonsman* v. *Greenglass*, 248 Mass. 275, where metal was found in a loaf of bread, the court told the jury that *res ipsa loquitur* did not apply; that it must draw only reasonable inferences and could not guess that defendant was liable. The court said the question for the jury was ''whether the facts as disclosed to you by this evidence

afford just ground for a reasonable inference that according to the ordinary experience this piece of metal, if it was in the bread, would not have gotten there except for the want of due care of defendant or someone for whose conduct he was responsible in the preparation of the bread." In addition to cases above cited see *De Groat* v. *Ward Baking Co.*, 130 Atl. 540 (N. J.) (glass); *Carroll* v. *N. Y. Pie Baking Co.*, 213 N. Y. Supp. 553; *Garvey* v. *Namm*, 136 App. Div. 815 (basting needle). Only when there is but one inference to be drawn from the facts should the court direct a verdict. No error was committed in refusing to direct a verdict for defendant and after careful examination of the testimony we can not say that there was error in the denial of defendant's motion for a new trial on the ground that the verdict was against the evidence.

Defendant's other exceptions are intertwined with the problems we have discussed and require no further comment.

All the exceptions of defendant are overruled. The case is remitted to the Superior Court for the entry of judgment on the verdict.

*Rosenfeld & Hagan, C. Bird Keach,* for plaintiff.
*James J. McCabe,* for defendant.