ALEXANDER LOMBARDI *vs.* CALIFORNIA PACKING SALES COMPANY.

FRANCES LOMBARDI *vs.* SAME.

APRIL 1, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. These two actions in assumpsit were brought by a husband and wife respectively to recover damages from a wholesaler upon its alleged breach of an implied warranty in relation to certain apricot juice which it had distributed in an original sealed container to a retailer and which was

bought and consumed by the plaintiff wife. In the superior court a justice thereof sustained the defendant's substantial demurrer to the second amended declaration and each case is here on the plaintiff's exception to such ruling.

The declarations in both cases are essentially the same with the exception that the husband bases his case for consequential damages on the wife's right to recover for injuries caused by her consumption of the juice in question. The wife's declaration alleges in substance that defendant was a wholesaler of canned apricot juice which was prepared and packaged by another in sealed containers or cans; that as agent or representative of such packer the defendant sold the juice in such original sealed containers to a retailer from whom she purchased a can; that there was no opportunity for her to inspect the contents; that defendant knew and intended that the juice it sold to the retailer was to be resold to consumers; and that in distributing the juice so packed in sealed containers there was an implied warranty by the wholesaler to any purchaser that the contents were fit for human consumption. It is further alleged that the can purchased by the wife contained some deleterious or poisonous substance; that as a result of consuming the juice she became ill and suffered greatly in her health, nervous system, mind and body; and that she lost compensation from her occupation and required medical attention.

The defendant demurred to the amended declaration in each case on nine grounds. After a hearing thereon a justice of the superior court sustained the demurrer on certain of these grounds which read as follows:

"3. It does not appear from said declaration that the plaintiff entered into any contractual relationship whatsoever with the defendant;

4. It does not appear from said declaration that the defendant made any promise or promises to the plaintiff;

5. It does not appear from said declaration that the defendant made any warranty or warranties to the plaintiff;

6. It does not appear from said declaration that any implied warranty or warranties running from the defendant to the plaintiff arose from the facts as set forth therein;

7. It appears affirmatively from said declaration that plaintiff had no contractual relationship of any kind with the defendant * * *."

In the circumstances we are not called upon to decide whether plaintiffs could bring a direct action of the case against a packer or one against a wholesaler based upon the violation of a duty arising out of an alleged implied representation in this particular type of sale of foodstuffs or drink. The controlling question here raised is merely one of pleading and is whether the plaintiff wife can recover damages in a direct action of *assumpsit* against a wholesaler on an alleged breach of an implied warranty of the fitness of the juice for human consumption, where she selected and purchased it from a retailer to whom it was sold by the wholesaler in the packer's original sealed container. In other words, can she bring such an action without alleging privity?

The case is conceded to be of novel impression in this state and no case precisely in point has been cited. In this jurisdiction the common law is followed, except in so far as it is modified by statute. At common law no recovery based upon a breach of implied warranty was possible in an action of *assumpsit* without first alleging and establishing privity of contract. See *Pelletier* v. *Dupont,* 124 Me. 269. See also 22 Am. Jur., Food, §105, n. 17, and cases cited; 12 Am. Jur., Contracts, §273; Dickerson's Products Liability and the Food Consumer, §1.22, p. 63, §§2.1, 2.2, p. 93 *et seq.*

No statute in this state gives a right of action in assumpsit without that allegation. Indeed the allowance of such an action by the mere "consumer" appears to be inconsistent in some respects with the express provisions of the sales act which appear to limit that right of action and recovery to the "buyer" and "seller" under the contract. General laws

1938, chapter 459, §15 (1), (2). Furthermore, the terms buyer and seller are clearly defined and they do not include a consumer regardless of privity.

The nearest reference in our cases to the subject seems to be contained in *Minutilla* v. *Providence Ice Cream Co.,* 50 R. I. 43. That was an action of *trespass on the case* for negligence of the manufacturer and the court held that a plaintiff could not recover in a single action in both contract and tort. In the course of the reasoning to support that conclusion on the ground they were different actions this court referred with approval to a Massachusetts case which held: "cf. *Newhall* v. *Ward Baking Co.,* 240 Mass. 434, there can be no warranty without privity of contract."

That statement appears to be in harmony with the weight of authority on the subject. Although there are cases to the contrary, the basis for the rule of liability is founded generally in tort, and not in contract under an implied warranty of fitness. *Smith* v. *Salem Coca-Cola Bottling Co.,* 92 N. H. 97; *De Gouveia* v. *H. D. Lee Mercantile Co.,* 231 Mo. App. 447. See *Pelletier* v. *Dupont, supra.* See also 22 Am. Jur., Food, §105, 12 Am. Jur., Contracts, §273, and Dickerson's Products Liability and the Food Consumer, §§1.22, 2.1 and 2.2, *supra,* and cases cited. Therefore, unless we ignore the established rule of common law relating to the necessity of privity in order to recover in an action of assumpsit from a wholesaler upon the alleged breach of an implied warranty, we are constrained to conclude that the decision of the trial justice as a matter of pleading was correct.

The plaintiffs, however, argue strongly that twelve states have adopted views more in keeping with the radical changes which have taken place in the methods of preparing and distributing foodstuffs in sealed containers. These states apparently now permit a consumer to bring a direct action, at least against the manufacturer or packer, based upon an implied warranty of quality and fitness of the contents of

the container for human consumption. The plaintiffs therefore contend that we should not only adopt the same principle but also go further by permitting a similar direct action by a consumer against a wholesaler in support of a right of recovery on such implied warranty in an action of assumpsit, citing *Swengel* v. *F. & E. Wholesale Grocery Co.,* 147 Kan. 555.

We have examined the cases referred to and they undoubtedly have sought to reach a result in response to the changes in the methods of preparing, distributing and selling foods packed in original sealed containers. However, they are not entirely united as to the precise way to bridge the gap of privity of contract, which heretofore has been considered as a necessity at common law to support any direct action based upon a breach of express or implied warranty.

Apparently taking notice of the modern methods of doing business in this type of food, some courts have asserted that the law implies a warranty that runs with the goods much as a covenant running with the land. See *Patargias* v. *Coca-Cola Bottling Co. of Chicago, Inc.,* 332 Ill. App. 117; *Anderson* v. *Tyler,* 223 Iowa 1033; *Biedenharn Candy Co.* v. *Moore,* 184 Miss. 721; *Jacob E. Decker & Sons, Inc.* v. *Capps,* Texas Civ. App., 144 S.W.2d 404. Others spell out a warranty implied by law that inures to the consumer's benefit. See *Klein* v. *Duchess Sandwich Co., Ltd.,* 14 Cal. 2d 272, 283; *Coca-Cola Bottling Co. of Fort Worth* v. *Smith,* Texas Civ. App., 97 S.W.2d 761, 767. Still others, apparently recognizing the requirement of privity to support such an action, seem to have held that the consumer is a third party beneficiary of the contract between the manufacturer or wholesaler and the immediate retailer who sold the food to or for the benefit of the consumer. See *Ward Baking Co.* v. *Trizzino,* 27 Ohio App. 475.

Certain others in effect take the position that in this type of case the question of privity is not controlling because the law implies a warranty as a matter of public policy in the

protection of the health of the consumers. See *Davis* v. *Van Camp Packing Co.*, 189 Iowa 775; *Blanton* v. *Cudahy Packing Co.*, 154 Fla. 872; *Madouros* v. *Kansas City Coca-Cola Bottling Co.*, 230 Mo. App. 275; *Catani* v. *Swift & Co.*, 251 Pa. 52; *Mazetti* v. *Armour & Co.*, 75 Wash. 622.

In our judgment these cases use different approaches but in general strain for a beneficial result by declaring the existence of some form of a continuing implied warranty that inures to any consumer as a matter of public policy. But it seems to us that ordinarily the declaration of such a public policy is a function of the legislature and not of the court. It may well be that the statute here should be amended to conform more effectively to the advance or change in methods of purveying food in original sealed containers. But where, as here, the existing statute does not modify the common law so as to permit an action in assumpsit without privity, and where, unlike many of the twelve states referred to, actions of contract and tort are treated separately, each having a different form of action and statute of limitation and possibly different rules governing damages, we ought not to resort to judicial legislation, at least where no emergency or extreme conditions exist.

In the instant case, therefore, if it is not possible under our practice for a consumer to sue the manufacturer or packer directly in assumpsit on such an implied warranty without alleging privity, it follows that no suit could be brought on the allegations of these declarations directly against the wholesaler, who is alleged to have acted either as an agent or independent representative of the packer.

The plaintiff's exception in each case is overruled, and each case is remitted to the superior court for further proceedings.

*Robert N. Greene,* for plaintiffs.

*Edwards & Angell, Knight Edwards,* for defendant.