ISADORE WOLF *vs.* S. H. WINTMAN CO.
CHARLOTTE S. WOLF *vs.* S. H. WINTMAN CO.
ISADORE WOLF *vs.* NARRAGANSETT BREWING COMPANY.
CHARLOTTE S. WOLF *vs.* NARRAGANSETT BREWING COMPANY.

FEBRUARY 27, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

CONDON, C. J.  These are actions of assumpsit for breach of an alleged implied warranty which were tried together in the superior court and resulted in a directed verdict for the defendant in each case.  The cases are here on the plaintiffs' exceptions to such verdicts and on three other exceptions taken during the trial.

Their declarations allege in substance that plaintiff Charlotte S. Wolf, wife of plaintiff Isadore Wolf, was injured by the explosion of a bottle of beer, bottled by defendant Narragansett Brewing Company, which they bought from defendant S. H. Wintman Co., a wholesale distributor. However, their evidence showed that the beer was sold not to them individually but to the Sunkist Liquor Corporation, a Rhode Island corporation, which carried on a retail liquor business at the Sunkist Liquor Store on Smith street in the city of Providence.  It further appeared from the evidence that plaintiffs were the sole owners of said corpo-

ration, plaintiff Isadore Wolf being the president, secretary and treasurer, and plaintiff Charlotte S. Wolf the vice president.

At the conclusion of plaintiffs' evidence defendants moved for a directed verdict in each case on the ground that the jury could not reasonably find for the plaintiffs on such evidence, there being no showing of privity of contract between them and either defendant. The trial justice granted the motions on that ground. The plaintiffs contend that he erred in so holding and that in any event in the cases against S. H. Wintman Co. there was evidence from which, by disregarding the corporate entity of the Sunkist Liquor Corporation and treating the transaction between it and S. H. Wintman Co. as a contractual relation with plaintiffs individually, the jury could find there was privity of contract.

In support of the first part of their contention plaintiffs argue forcibly against the privity of contract theory. They claim that it is contrary to sound public policy under modern merchandising practices and hence is being discarded by a growing number of states, although they concede that such states are still in the minority. They cite a number of authorities to buttress their claim, but we need not discuss them here since all of them were considered and rejected recently by this court in *Lombardi* v. *California Packing Sales Co.*, 83 R. I. 51, 112 A.2d 701. If, as plaintiffs seemed to suggest in oral argument, it is desired that we reconsider and overrule that case we can only say that we decline to do so and repeat that if a more enlightened policy demands a change in the law the legislature and not this court is the one to make it.

The second part of plaintiffs' contention is based upon the proposition that when in justice and equity it is necessary this court will pierce the corporate veil and look upon the individual who owns the entire corporate stock as the real party in interest. For this view they cite *Ven-*

*nerbeck & Clase Co.* v. *Juergens Jewelry Co.*, 53 R. I. 135, and *Muirhead* v. *Fairlawn Enterprise, Inc.*, 72 R. I. 163. Neither case, in our opinion, is of any assistance to plaintiffs here.

In the *Vennerbeck & Clase Co.* case we stated at page 138: "In cases where the corporate entity has been disregarded there has been some element which rendered it unjust and inequitable to consider the corporation attacked a separate entity. In none of these cases, without such element appearing, has the corporate entity been disregarded." And in the *Muirhead* case we refused to allow the real party to hide behind the corporate entity, saying at page 172: "Here there is such a unity of interest and ownership that the separate personalities of Fisher and the corporation no longer exist in reality. Adherence to the principle of their separate existence would, under the circumstances, result in injustice."

In the instant cases the Sunkist Liquor Corporation is not under attack. It is the plaintiffs, the owners of such corporation, who seek to have the corporate entity disregarded, not because it is productive of some injustice or inequity to them but to enable them to acquire a relationship to defendant S. H. Wintman Co. which they do not legally have and which if S. H. Wintman Co. were suing them on Sunkist Liquor Corporation's contract they would presumably stoutly oppose. The trial justice was correct in treating the evidence as showing a contract between defendant S. H. Wintman Co. and Sunkist Liquor Corporation and not between S. H. Wintman Co. and plaintiffs.

The plaintiffs next contend that the facts in evidence show such extreme conditions or emergency as to justify taking these cases out of the rule of the *Lombardi* case and treating them as an exception. The simple answer to this contention for the present at least is that in our opinion the instant cases reveal no emergency or extreme conditions that would justify excepting them from such rule.

160

The plaintiffs finally contend that the trial justice committed prejudicial error at the outset of the trial by allowing defendants to substitute a plea of non assumpsit in each case for the plea of not guilty which defendants claimed they had inadvertently filed. There is no merit in such contention. Both pleas are pleas of the general issue. If plaintiffs were surprised and placed at some serious disadvantage by the substitution it would have been proper for them to request a continuance. Indeed while plaintiffs did not make such request, the trial justice offered to consider a motion to pass the cases, which offer plaintiffs ignored.

In each case all of the plaintiff's exceptions are overruled, and each case is remitted to the superior court for entry of judgment on the verdict as directed.

*William R. Goldberg,* for plaintiffs.

*Sherwood & Clifford, Kirk Hanson, William A. Curran,* for defendants.