No. 41,868

LETHA RUPP, *Appellee,* v. NORTON COCA-COLA BOTTLING COMPANY, INC., *Appellant.*

(357 P. 2d 802)

Opinion filed December 10, 1960.

*Wm. B. Ryan,* of Norton, argued the cause and was on the briefs for the appellant.

*Marion W. Chipman,* of Hill City, argued the cause, and *W. H. Clark* and *Kenneth Clark,* both of Hill City, and *Keith G. Sebelius,* of Norton, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: Letha Rupp and Della Connell, sisters, brought separate actions in the district court of Norton County, based upon the breach of an implied warranty, against Norton Coca-Cola Bottling Company, Inc., to recover damages for personal injuries alleged to have been sustained as the result of drinking from a single bottle of coca-cola which contained a centipede.

When pleadings were filed in each action, so similar in form, allegations and substance as to make it appear the fundamental issues involved were almost identical, the trial court made an order, to which no objections were made, consolidating the actions for trial.

After consolidation a jury was empaneled and sworn, the plaintiffs adduced their evidence, the trial court gave written instructions and the cases were submitted to the jury, which ultimately returned a general verdict in favor of each of the plaintiffs for $1,000.00.

Subsequently, after the overruling of its motion for a new trial and the rendition of judgment on each of the verdicts, the defend-

ant perfected separate appeals to this court where the appeal in the Rupp case is docketed as Case No. 41,868 and that in the Connell case as Case No. 41,869.

Notwithstanding the manner in which the cases were tried in the court below there was no consolidation of the appeals in this court. However, recognizing that most of its claims of error in the consolidated trial below were common to both appeals, and undoubtedly due to the fact that Della Connell was the one who inserted a coin in its coca-cola dispensing machine and received the bottle of "coca-cola," appellant briefed all claims of error relied on for reversal of the judgments in the brief filed by it in the Connell appeal and limited its argument and authorities in the brief filed in the Rupp appeal to additional claims of error believed by it to have been committed in such appeal because of certain facts disclosed by the evidence in such appeal which were different than those involved in the Connell appeal. Moreover, it may be stated, that on oral argument of both appeals in this court appellant's counsel, quite properly and with commendable candor, conceded that unless the additional contentions advanced by appellant as grounds for reversal of the Rupp judgment should be upheld, this court's decision in the Connell appeal would constitute a precedent controlling our decision in the Rupp appeal.

In view of what has been heretofore related this court has first given consideration to and determined claims of error made by the appellant in the Connell appeal respecting the propriety of the trial court's judgment in that case. See *Connell v. Norton Coca-Cola Bottling Co.* (No. 41,869), 187 Kan. 393, 357 P. 2d 804, this day decided, wherein we rejected all claims of reversible error relied on by the appellant and affirmed the trial court's action in overruling appellant's motion for a new trial and in rendering judgment on the verdict returned by the jury. The opinion in that case, dated December 10, 1960, discloses the factual picture necessary to enable readers of this opinion to have a proper understanding of what this case is about. It also narrates the evidence and contains an accurate recital of all the facts, events and circumstances essential to the disposition of all the appellate issues—heretofore referred to as common to both the Connell and Rupp appeals—there and here involved and decided. Therefore, in order to avoid encumbering our reports with repetitious matters, we make the opinion of our decision in the Connell case a part of this opinion, adopt as a

part hereof what is there said and held with respect to the issues there decided, and, without further reference thereto, turn directly to the additional issues involved in this appeal.

Directing our attention to the fact that under the undisputed evidence it was Mrs. Connell, not Mrs. Rupp (the appellee), who purchased the bottle of "coca-cola" in question, the first, if not the principal, additional question raised by the appellant in this case is in substance that the record discloses there was no privity of contract between the appellant and the appellee, hence the judgment is erroneous and should be reversed. Without unduly laboring the point it must be stated the question thus raised was squarely presented and decided in *B. F. Goodrich Company v. Hammond,* 269 F. 2d 501, by the United States Court of Appeals Tenth Circuit, where that court, after referring to several of our decisions (See, e. g., *Nichols v. Nold,* 174 Kan. 613, 258 P. 2d 317, 38 A. L. R. 2d 887; *Graham v. Bottenfield's, Inc.,* 176 Kan. 68, 269 P. 2d 413), and we may add after giving them proper construction, said and held:

"The question arises as to whether an implied warranty ran to Berneice, privity between her and Goodrich being absent.

"Under the law of Kansas an implied warranty is not contractual. It is an obligation raised by the law as an inference from the acts of the parties or the circumstances of the transaction and it is created by operation of law and does not arise from any agreement in fact of the parties. The Kansas decisions are in accord with the general rule laid down in the adjudicated cases. And under the Kansas decisions privity is not essential where an implied warranty is imposed by the law on the basis of public policy." (p. 504.)

That in this jurisdiction, under facts and circumstances such as are here involved, an implied warranty is imposed by law and the basis for imposing liability is a matter of public policy for the protection of the people is fully demonstrated in *Connell v. Norton Coca-Cola Bottling Co.,* supra, and *Cernes v. Pittsburg Coca Cola Bottling Co.,* 183 Kan. 758, 761, 332 P. 2d 258.

For other Kansas cases recognizing and applying the rule, that privity is not essential to recovery where an implied warranty is imposed by law on the basis of public policy, see *Cernes v. Pittsburg Coca Cola Bottling Co.,* supra, *Simmons v. Wichita Coca-Cola Bottling Co.,* 181 Kan. 35, 309 P. 2d 633; *Swengel v. F. & E. Wholesale Grocery Co.,* 147 Kan. 555, 77 P. 2d 930; *Parks v. Pie Co.,* 93 Kan. 334, 144 Pac. 202.

It is strenuously argued that the evidence establishes no basis for substantial damages on the part of the appellee. We cannot agree.

The record of the evidence as to her physical distress in connection with her mental condition, loss of time from work, medical expense and length of time she would suffer nausea and vomiting as the result of drinking from and seeing the centipede in the bottle of coca-cola is equally as convincing, if not more so, in her case than it is in the Connell case.

After careful review and consideration of all additional questions raised by appellant we find nothing in them or in arguments advanced in their support to warrant or permit a conclusion the trial court committed reversible error in this case. It follows our decision in *Connell v. Norton Coca-Cola Bottling Co.,* supra, to which we adhere, and what is here stated and held, requires an affirmance of the trial court's judgment.

It is so ordered.