Chief Judge Desmond.
The infant plaintiff and her father sue a retail food dealer for damages for breach of alleged warranties of fitness and wholesomeness (Personal Property Law, § 96, subds. 1, 2). Defendant, they say, sold the father a can of salmon for consumption in the family home. The tinned fish, so it is alleged, was unfit for use as food because it contained some pieces of sharp metal which injured the child’s teeth and mouth. The trial at City Court produced a judgment for both plaintiffs on the warranty theory. The Trial Justice commented on the trend away from such decisions as Chysky v. Drake Bros. Co. (235 N. Y. 468) and Redmond v. Borden’s Farm Prods. Co. (245 N. Y. 512) and held that although the father had bought the can of salmon the implied warranty extended to his 15-year-old daughter as a member of his household. The Appellate Term affirmed by a vote of 2 to 1. The majority in that court held that the old cases were no longer controlling. The Appellate Division, however, decided (nonunanimously) that the Chysky case is still law and that it forbids a recovery on warranty breach to anyone except the purchaser. As the case comes to us, the father has a judgment for his expenses but the child’s own suit has been dismissed for lack of privity.
Our difficulty is not in finding the applicable rule but in deciding whether or not to change it. The decisions are clear enough. There can be no warranty, express or implied, without privity of contract (Turner v. Edison Stor. Battery Co., 248 N. Y. 73, 74; Pearlman v. Garrod Shoe Co., 276 N. Y. 172) since a warranty is an incident of a contract of sale (Fairbank Canning Co. v. Metzger, 118 N. Y. 260, 265). The warranty does not run with the chattel (Nichols v. Clark, MacMullen & Riley, 261 N. Y. 118). Therefore, as to food or other merchandise, there are no implied warranties of merchantability or fitness except as to the buyer (Chysky v. Drake Bros. Co., 235 N. Y. 468, supra; Ryan v. Progressive Grocery Stores, 255 N. Y. 388). A wife buying food for her husband may be considered his agent so as to allow a recovery by him (Ryan v. Progressive Grocery Stores, supra) and she can bring an action of her own if she makes the purchase and suffers from the breach of warranty *199 (Gimenez v. Great A. & P. Tea Co., 264 N. Y. 390). When two sisters lived in a common household, the one who bought the food was deemed an agent of the other (Bowman v. Great A. & P. Tea Co., 308 N. Y. 780). The same (Bowman) theory was expanded to let both husband and wife recover (Mouren v. Great A. & P. Tea Co., 1 N Y 2d 884). But a dependent child is not a contracting party and cannot be a warrantee so no damages are due him (Redmond v. Borden’s Farm Prods. Co., 245 N. Y. 512, supra).
The unfairness of the restriction has been argued in writings so numerous as to make a lengthy bibliography (see, as examples: Starke, Implied Warranties of Quality and Wholesomeness in the Sale of Food, N. Y. L. J., April 8, 9, 10, 1957, p. 4, col. 1 [Vol. 137, Nos. 67-69]; 1943 Report of N. Y. Law Rev. Comm., p. 413; 1945 Report of N. Y. Law Rev. Comm., p. 23; 1959 Report of N. Y. Law Rev. Comm., p. 57; Miller, N. Y. State Bar Bulletin, Oct., 1952, p. 313; Melick, Sale of Food and Drink, p. 94; Prosser, Torts [2d ed.], p. 493; 29 Fordham L. Rev. 183 [Oct, 1960]; 44 Cornell L. Q. 608; 34 N. Y. U. L. Rev. 1442 ; 35 St. John’s L. Rev. 178 [Dec., I960]). About 20 States have abolished such requirements of privity, the latest being Virginia and New Jersey (Swift & Co. v. Wells, 201 Va. 213 [1959]; Henningsen v. Bloomfield Motors, 32 N. J. 358 [1960]). The Uniform Commercial Code (§ 2-318) provides that: “ A seller’s warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty.” In 1943, 1945 and 1959 the New York State Law Revision Commission, each time after careful study, recommended that the implied warranty of fitness for use should extend to the buyer’s household, members, employees and guests. The Legislature did not act on any of the commission’s proposals.
The injustice of denying damages to a child because of nonprivity seems too plain for argument. The only real doubt is as to the propriety of changing the rule. Of course, objection will be made (as it has been made before in other such situations, see Woods v. Lancet, 303 N. Y. 349; Bing v. Thunig, 2 N Y 2d 656). But the present rule which we are being asked to modify *200 is itself of judicial making since our statutes say nothing at all about privity and in early times such liabilities were thought to be in tort (Prosser, Torts [2d ed.], p. 507; 1 Williston on Sales [Rev. ed.], p. 502). Alteration of the law in such matters has been the business of the New York courts for many years (MacPherson v. Buick Motor Co., 217 N. Y. 382; Ultramares Corp. v. Touche, 255 N. Y. 170).
The Ryan, Gimenez and Bowman cases (supra) in our court show an increasing tendency to lessen the rigors of the rule. In Blessington v. McCrory Stores Corp. (305 N. Y. 140) we passed on a Statute of Limitations point only but we did not (as we could have under the old cases) dismiss for insufficiency a complaint which demanded damages for an infant’s death when the dangerous article had been purchased by the infant’s mother. There are a great many well-considered lower court decisions in this State which attest to the prevalent feeling that at least as to injured members of a buyer’s family the strict privity rule is unfair and should be revised.
So convincing a showing of injustice and impraeticality calls upon us to move but we should be cautious and take one step at a time. To decide the case before us, we should hold that the infant’s cause of action should not have been dismissed solely on the ground that the food was purchased not by the child but by the child’s father. Today when so much of our food is bought in packages it is not just or sensible to confine the warranty’s protection to the individual buyer. At least as to food and household goods, the presumption should be that the purchase was made for all the members of the household.
Sections 199-a and 200 of the Agriculture and Markets Law have no relevance here since those laws refer to food which has become unfit because of adulteration, decomposition, etc.
The judgment should be modified by reinstating the infant’s recovery and, as so modified, affirmed, with costs to the plaintiffs in this court and in the Appellate Division.