242 A.2d 307.

GEORGE P. HODGES *vs.* THE FULLER BRUSH COMPANY.

MAY 21, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Powers, J.  This civil action was commenced January 28, 1964, with the issuance of a writ of summons in an action of assumpsit and was tried to a justice of the superior court sitting with a jury.  The case was not reached for trial, however, until November of 1966, and so was tried in accordance with the superior court rules of civil procedure which became effective January 10, 1966.

In his declaration, plaintiff alleged damages for personal injuries and loss of earnings resulting from the breach of an implied warranty of fitness of a pesticide for the use for which it had been sold to plaintiff by defendant's agent.

The facts of record are not in dispute.  They establish that on or about May 17, 1963, plaintiff's wife purchased two cans labeled "Dog Spray Deodorant and Pesticide for Dogs" from a door-to-door salesman named William Ellery.  On or about June 16, 1963, plaintiff, following the instructions printed thereon, used one of the cans to spray his dog and in so doing was necessarily exposed to the spray itself.

The following morning, on awakening, he experienced a sensation of "pins and needles" which continued through the day. On the second day, the sensation had spread up his arm, and over a period of several days eventually affected both of his hands and arms, as well as his right side and leg. In addition to a feeling of numbness, plaintiff suffered from pronounced lethargy and slept for abnormally long periods. It is to be noted that plaintiff did not testify as to experiencing any external symptoms of contact with the spray, such as a rash.

At the time in question, plaintiff was serving in the United States naval air force with the rank of lieutenant. He was stationed at Quonset Point and maintained a home in Warwick. His flight status required him to log a number of flying hours each month, and he was paid additional compensation of $200 monthly as "flight pay." Because of the two weeks impairment of health for which he sued, plaintiff was unable to fly in June and lost his flight pay for that month.

He was treated on four occasions at the base dispensary by two doctors whom he named, but of whose present whereabouts he was unaware. They provided him with pills but there is no evidence of their diagnoses, nor indeed of the nature of the medication administered. Later, plaintiff consulted his personal physician, Dr. Alfred Gobeille, to whom the unused can of dog spray was shown. There is no evidence of Dr. Gobeille's diagnosis or treatment. No medical evidence was offered and plaintiff admitted that he had no knowledge concerning the constituent elements of the pesticide spray. The contents of the can used were, as far as the evidence discloses, never tested nor analyzed.

During direct examination of plaintiff and his wife, counsel had certain exhibits marked for identification. They included the two aerosol spray cans: Mrs. Hodges' check for their purchase made payable to the salesman, William Ellery, to which was attached a receipt; and a cancelled

check for purchases made at other times. Mrs. Hodges testified that she had been buying Fuller Brush products for a number of years. The two cans in question were clearly marked with the Fuller brand name and the receipt for their purchase consisted of a printed form on which appeared "Dealer For The Fuller Brush Company."

At the conclusion of Mrs. Hodges' testimony, plaintiff moved to introduce these items as full exhibits, but defendant objected on the ground that they were hearsay and the trial justice so ruled. The plaintiff then called defendant's branch manager. It was the thrust of his testimony that defendant sold only to independent dealers to whom territories were assigned after a period of training which it supervised. He testified that householders cannot buy directly from defendant but must buy from authorized dealers to whom goods are shipped on consignment. Such dealers, he further testified, are not paid salaries, there is no withholding of income taxes on incentive commissions or bonuses, and their work schedule is not subject to defendant's control. However, he identified the signature of William Ellery from the endorsement on the check given by plaintiff's wife and testified that in May and June, 1963, Ellery was defendant's authorized dealer for the Warwick area. Further, he acknowledged that the Rhode Island retail sales tax was paid by defendant and not by their designated, independent dealers.

At the conclusion of this witness's testimony, plaintiff moved again that the items marked for identification be admitted as full exhibits, arguing that they had been sufficiently tied in by defendant's branch manager. The defendant again objected and the trial justice denied plaintiff's motion.

On this state of the evidence, plaintiff rested. The defendant thereupon moved for a directed verdict and the trial justice granted the motion, basing his ruling on a total lack of evidence from which the jury could infer privity of

contract between plaintiff and defendant. Judgment thereon was accordingly entered and plaintiff seasonably appealed to this court. He assigns as error the trial justice's last two rulings, namely, the exclusions of the items marked for identification as full exhibits and the granting of defendant's motion for a directed verdict.

The plaintiff first contends that the trial justice erred in excluding the proffered evidence, but also argues that even with such evidence excluded, it was error to grant the motion for a directed verdict. Since, for reasons hereinafter stated, it is our judgment that the motion for a directed verdict would have been properly granted, even if the excluded evidence had been admitted, we perceive no necessity to consider plaintiff's contention on the evidentiary ruling, though we note in passing that the cases cited are not in point.

The plaintiff's basic contention is that in passing on defendant's motion, it was the duty of the trial justice to view the evidence in the light most favorable to plaintiff, without regard to weight or credibility, citing *Hill* v. *A.L.A. Construction Co.*, 99 R. I. 228, 206 A.2d 642. Continuing, he argues that from the evidence which it should have been permitted to consider, the jury would have been warranted in finding that either Ellery was in fact defendant's agent and not an independent dealer, or that notwithstanding the nature of their agreement, which may have been binding between Ellery and defendant, the latter so cloaked Ellery with the appearance of agency as to be estopped to deny it. Agency thus established, he further argues, the implied warranty of fitness imposed on defendant as seller by G. L. 1956, §6A-2-315, as amended, extended to him as a member of the purchaser's household, conformable to §6A-2-318.

Furthermore, plaintiff vigorously urges that even if there is no evidence from which the jury could find or reasonably infer that Ellery was defendant's sales representative, this court should strike down the requirement of privity in

actions for breach of implied warranty sounding in tort. Bluntly stated, he suggests that if necessary to a reversal of the trial justice's decision on defendant's motion for a directed verdict, the time has arrived for this court to over-rule *Lombardi* v. *California Packing Sales Co.*, 83 R. I. 51, 112 A.2d 701, *Wolf* v. *S. H. Wintman Co.*, 87 R. I. 156, 139 A.2d 84, and *Henry* v. *John W. Eshelman & Sons*, 99 R. I. 518, 209 A.2d 46.

Such a departure, he argues, would be nothing more than judicial recognition that the privity of contract requirement, judicial in origin, is contrary to justice and reason when considered in the light of present day commercial practices. By way of persuasion he refers our attention to compara-tively recent decisions in other jurisdictions and reminds us as well of the thrust of the concurring opinion of our Brother Joslin in *Eshelman, supra,* in which concurrence now Chief Justice Roberts joined.

The difficulty with plaintiff's position, however, is that were we to accept all of his contentions as valid, he would take nothing thereby. In addition to the debatable privity burden as to which the trial justice found no evidence from which the jury could have drawn a reasonable inference favorable to plaintiff, the latter had the burden of proving a causal connection between the use of the dog spray and the physical indisposition of which he complained. When he rested his case and defendant moved for a directed ver-dict, it became the duty of the trial justice to examine the state of the evidence as it applied to every element plaintiff was bound to establish, since the motion called for a gen-eral verdict. *Rochester Civic Theatre, Inc.* v. *Ramsay*, 368 Fed.2d 748. Furthermore, in reviewing his decision on the motion, this court is bound by the rule applicable to the trial justice. *Priestley* v. *First National Stores, Inc.*, 95 R. I. 212, 186 A.2d 334.

Having in mind plaintiff's burden of establishing a causal connection between his indisposition and the use of the

pesticide, and viewing the evidence in the light most favorable to him, we are unable to agree that, so viewed, the evidence is open to a reasonable inference which the jury might have drawn favorable to plaintiff on the issue of causal connection. While plaintiff was not bound to exclude or negate all other probable causes for the particular impairment of health experienced, *Benjamin* v. *Hot Shoppes, Inc.*, D. C., 185 A.2d 512, he had the burden of adducing evidence probative of something more than conjecture.

Here, the only evidence that plaintiff offered to establish causal connection is that he used a spray and that the following day he began experiencing a temporary impairment of health—never diagnosed—and the symptoms of which were internal. He introduced no evidence relative to the chemical characteristics of the contents of the spray, or what reactions, if any, that might be experienced when the human system is subjected to such chemicals through contact with the skin.

In such circumstances, a conclusion that the injury was causally related to the use of the spray is not an inference to be drawn from established facts, but rests for validity on speculation and suspicion.

The plaintiff's appeal is denied and dismissed. Judgment affirmed.

*Raymond J. McMahon, Jr.*, for plaintiff.

*Carroll, Kelly & Murphy, Joseph A. Kelly*, for defendant.