■ TIMOTHY McCOCHRAN, Respondent, v. HELEN GIUSTINO et al., Appellants.— Judgment in favor of plaintiff in the sum of $17,705.50 in a personal injury action, unanimously reversed, on the law and on the facts, without costs or disbursements, and a new trial granted, solely on the issue of damages and the causal connection between the occurrence and the alleged heart condition. It is apparent from the record that plaintiff had been suffering from a sclerotic coronary condition with anginal pain two or three times daily prior to the occurrence. Some weeks before the attack plaintiff requested a special parking permit from his employer by reason of his heart condition. There is no record of plaintiff having suffered any trauma whatever by reason of the instant accident. His employer's medical record contains the following question and answer signed by plaintiff's physician: "Is disability due to accident? No." Further, plaintiff signed a statement the day after the accident that he was not injured in any way. Since the defendants contest only the causal relationship of the accident and the damage, a retrial of the issue of liability is neither necessary nor required in the interests of justice. (See *Mercado* v. *City of New York*, 25 A D 2d 75.) The record, however, does not adequately support plaintiff's claim that the accident caused the physical condition complained of and the verdict of the jury insofar as it rests on the finding that the alleged physical condition is causally related to the accident is contrary to the weight of the evidence. Concur — Breitel, J. P., McNally, Steuer and Capozzoli, JJ.

■ MARY LICITRA, as Administratrix of the Estate of JOHN LICITRA, Deceased, Appellant, v. NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— Judgment dismissing the complaint at the close of the case, in this wrongful death action, brought pursuant to Federal Employers' Liability Act (U. S. Code, tit. 45, § 51 *et seq.*) unanimously reversed, on the law and on the facts, and new trial ordered, with $50 costs and disbursements to abide the event. In the case of *Rogers* v. *Missouri Pacific R. R. Co.* (352 U. S. 500), which considered the Federal Employers' Liability Act, at page 506 of its opinion, the court said: "Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence." An issue of fact was presented as to whether defendant's employee, Babilot, was negligent in failing to warn the decedent once Babilot sensed that something was wrong as the dinghy neared the platform edge and therefore the case should have been submitted to the jury. Concur — Breitel, J. P., McNally, Steuer and Capozzoli, JJ.