Sandra ORESMAN and Richard Oresman, Plaintiffs,

v.

G. D. SEARLE & CO., Defendant.

Civ. A. No. 4255.

United States District Court,
D. Rhode Island.

Jan. 6, 1971.

---

Allan T. Dworkin, of Aisenberg & Dworkin, Stanton V. Abrams, Providence, R. I., for plaintiffs.

Thomas D. Gidley, of Hinckley, Allen Salisbury & Parsons, Providence, R. I., for defendant.

## OPINION

DAY, Chief Judge.

In this action the plaintiffs seek to recover damages sustained by them as the result of a stroke suffered by the plaintiff, Sandra Oresman. They allege that said stroke resulted from her taking birth control pills manufactured by the defendant. Jurisdiction is based upon diversity of citizenship and the existence of a controversy in the requisite amount. 28 U.S.C. § 1332.

In their complaint the plaintiffs have alleged the following grounds for liability by the defendant in four counts; (1) breach of an implied warranty that said pills were of merchantable quality for use as an oral contraceptive (Count I); (2) negligent manufacture of said pills by defendant and negligent misrepresentation in its advertising thereof (Count II); (3) negligence and res ipsa loquitur (Count III); and (4) strict liability in tort (Count IV). The defendant has moved for the entry of summary judgment in its favor on Counts I, III and IV, and for a more definite statement as to Count II. In the alternative, if its motion for summary judgment is denied, it moves for a more definite statement also as to said Counts I, III and IV.

Before considering the merits of the motions for summary judgment, it is the duty of this Court to decide what law shall be applied to this case. Since this is a diversity case, this Court must apply the substantive law which a Rhode Island court would apply thereto. Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In the instant case the defendant is a foreign corporation and said pills were manufactured in a state other than Rhode Island. Under such circumstances the Rhode Island Supreme Court might not necessarily employ Rhode Island tort law. In a diversity case, the federal court must follow conflicts of law rules of the forum state. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The Supreme Court of Rhode Island has decided that it would not necessarily follow the *lex loci delecti* rule in tort conflicts cases where as to some particular issue another state has a more significant interest. Brown v. Church of Holy Name of Jesus, 252 A.2d 176 (R.I.1969); Woodward v. Stewart, 243 A.2d 917 (R.I.1968), cert. denied 393 U.S. 957, 89 S.Ct. 387, 21 L.Ed.2d 371 (1968). In Woodward v. Stewart, supra, the Supreme Court held that the guidelines to be employed for weighing the conflicting interests are:

"(1) Predictability of results.

(2) Maintenance of interstate and international order.

(3) Simplification of the judicial task.

(4) Advancement of the forum's governmental interest.

(5) Application of the better rule of law."

In the instant case the injury sustained by said Sandra Oresman occurred in Rhode Island, although the manufacture of said allegedly defective pills occurred outside Rhode Island. The plaintiffs are domiciliaries of Rhode Island while the defendant is a foreign corporation. In my opinion Rhode Island has a paramount interest in applying its own law to protect its domiciliaries from defective products shipped into that state. Therefore, I conclude that a Rhode Island court confronted with a case involving a similar factual situation would apply Rhode Island substantive law, and a federal court sitting in that state must do likewise.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A. *Count I.*

In this count the plaintiffs seek damages for breach of an implied warranty of fitness of said pills for the particular purpose intended, i. e., birth control. Although the plaintiffs do not refer therein to any particular section of the Uniform Commercial Code, General Laws of Rhode Island 1956, Title 6A, they are apparently relying on § 6A–2–315 thereof which provides as follows:

> *"Implied warranty; Fitness for particular purpose.*—Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose. As to foodstuffs or drinks sold for human consumption *in sealed containers*, there is an implied warranty that the goods shall be reasonably fit for such purpose, and such warranty shall extend from the seller and the manufacturer or packer of such goods to the person or persons described in § 6A–2–318 of this chapter." [emphasis supplied]

Said § 6A–2–318 at all pertinent times provided as follows: [1]

> *"Third party beneficiaries of warranties express or implied.*—A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

Defendant moves for the entry of summary judgment in its favor as to this count on the ground that it does not appear from the allegations of said count that the plaintiff Sandra Oresman purchased said pills directly from the defendant. Considering the normal consumer sales pattern, it is unlikely that she purchased them directly from the defendant. For the purpose of deciding the instant motion, I shall assume she purchased them from a retailer. In the absence of privity of contract between said Sandra Oresman and the defendant, the latter contends that the plaintiffs cannot recover on the theory of breach of an implied warranty because, it maintains, the Supreme Court of Rhode Island has imposed an absolute requirement of privity of contract as a prerequisite to a recovery for breach of an implied warranty. In support of this contention it cites Henry v. John W. Eshelman & Sons, 99 R.I. 518, 209 A.2d 46 (1965).

In my opinion defendant's contention is without merit. In the later case of Finocchiaro v. Ward Baking Company, 241 A.2d 619 (R.I.1968), the Supreme Court of Rhode Island held that as to foodstuffs or drinks sold for human consumption in sealed containers there is an implied warranty that the goods sold shall be reasonably fit for such purpose and that said warranty extends from the seller and the manufacturer or packer of such goods to the purchasers thereof and to persons described in § 6A–2–318 of the General Laws of Rhode Island, 1956. In its opinion the Court held at page 621:

> "It has been the rule in this jurisdiction that the breach of an expressed or implied warranty cannot be the basis of an action sounding in contract by one not privy to the warranty. Lombardi v. California Packing Sales Co., 83 R.I. 51, 112 A.2d 701; Henry v. John W. Eshelman & Sons, 99 R.I. 518, 209 A.2d 46. However, with the enactment of P.L.1961, chap. 144, sec. 1, now G.L.1956, § 6A–2–315, as amended, the legislature provided for a specified implied warranty, extend-

1. Said section was amended, effective May 15, 1969, subsequent to the events involved herein.

ing from the manufacturer to third party beneficiaries."

■■ The issue before this Court is whether the exception to the general rule of privity declared by the Supreme Court in Finocchiaro v. Ward Baking Company, supra, shall be applied to medicines or drugs sold for human consumption. Since this issue has not been decided by the Supreme Court of Rhode Island, it becomes my duty to determine said issue as I believe said Supreme Court would rule in a similar case. Putman v. Erie City Manufacturing Company, 338 F.2d 911 (5th Cir. 1964); Gullborg v. Rizzo, 331 F.2d 557 (3rd Cir. 1963); Doughty v. Hoisington, 265 F.Supp. 238 (D.Vt. 1967); Pastorelli v. Associated Engineers, Inc., 176 F.Supp. 159 (D.R.I. 1959). In doing so a federal court must look to the same legal authorities which the Rhode Island court would presumably consider if it were deciding this issue. Putman v. Erie City Manufacturing Company, supra; Deveny v. Rheem Manufacturing Company, 319 F.2d 124 (2d Cir. 1963); Klimas v. International Telephone and Telegraph Corp., 297 F. Supp. 937 (D.R.I.1969).

In my opinion the same reasons of policy that hold that privity of contract is not prerequisite to recovery for breach of an implied warranty of fitness of foodstuffs for human consumption apply with equal force in actions for personal injuries caused by unfit drugs (i. e. oral contraceptives). Both are intended for human consumption. Foodstuffs have been accorded a special status by state courts, in Rhode Island and elsewhere, because as products intended to be consumed by the purchasers thereof they pose a special danger to the purchasers thereof if they are defective and unfit for consumption. See William Prosser: The Assault Upon The Citadel (Strict Liability to the Consumer), 69 Yale L.J. 1099, 1103 (1960). In recognition of the rationale of placing foods and drugs in the same category, the Restatement of Torts refers to products intended for "intimate bodily use" so as to include everything intended for internal human consumption, whether or not it has nutritional value. Restatement, Torts (2nd) § 402 A, Comment (b).

In Gottsdanker v. Cutter Laboratories, 182 Cal.App.2d 602, 6 Cal.Rptr. 320, 79 A.L.R.2d 290 (1960), this rationale was followed by the court in an action based upon a breach of an implied warranty against the manufacturer of Salk vaccine which the plaintiff alleged contained live virus of poliomyelitis and which, when injected into her children, caused the disease in each of them. There was clearly no privity between the plaintiff and her children and the defendant, and the California rule was to require privity in all actions based on breach of an implied warranty except where the product was food for human consumption. The court concluded that the same rationale for waiving the requirement of privity as to food applied with equal force to drugs.

In its opinion the Court said:

"In view of the established California rule that the consumer of a food product may recover from the manufacturer upon implied warranty, is there any reason to apply a different rule to the vaccine here involved? We think not. The vaccine is intended for human consumption quite as much as is food. We see no reason to differentiate the policy considerations requiring pure and wholesome food from those requiring pure and wholesome vaccine. * * * We can conceive of no reason for applying the rule to foodstuffs which does not equally extend to drugs. The vaccine here involved is, like food products, designed solely for introduction into the body of a human being." 6 Cal.Rptr. 323, 79 A.L.R.2d 297–298.

See also Annotations: Liability of Manufacturer or Seller for injury caused by drug or medicine sold. 79 A.L.R.2d 301; 75 A.L.R.2d 39.

■ I find nothing in the decisions of the Supreme Court of Rhode Island which leads me to believe at this time that it, if called upon to decide the ques-

tion, would not include drugs intended for human consumption in the same category as food and conclude that privity is not required in actions against the manufacturer thereof for breach of an implied warranty of fitness. Accordingly the defendant's motion for summary judgment in its favor as to Count I is denied.

### B. *Count III.*

In this count the plaintiffs seek to recover damages based upon the alleged negligence of the defendant in the manufacture of said birth control pills and sale thereof and rely upon the doctrine of res ipsa loquitur. The defendant in support of its motion for summary judgment as to this count contends that said doctrine is not applicable to this action because (1) the defendant did not have exclusive control of said pills throughout the distributive process, and (2) it cannot be said that the stroke which the plaintiff, Sandra Oresman, suffered does not ordinarily occur in the absence of negligence on the part of the manufacturer.

■■ Although the doctrine of res ipsa loquitur is an evidentiary rule, the federal courts have uniformly ruled that it is a matter of substance to be governed by state law. Louisiana & A. R. Co. v. Fireman's Fund Ins. Co., 380 F.2d 541 (5th Cir. 1967); Deveny v. Rheem Mfg. Co., supra; Alexander v. Inland Steel Co., 263 F.2d 314 (8th Cir. 1958). The Supreme Court of Rhode Island has applied the doctrine of res ipsa loquitur when (1) the cause or instrumentality of an accident is entirely under the exclusive control of the defendant, (2) such an accident does not ordinarily occur in the absence of negligence, and (3) the plaintiff has no knowledge or means of knowledge of the cause of the accident. Cinq-Mars v. Kelley, 95 R.I. 515, 188 A.2d 379 (1963); Goyette v. Sousa, 90 R.I. 8, 153 A.2d 509 (1959); Coia v. Eastern Concrete Products Co., 85 R.I. 128, 127 A.2d 858 (1956); Motte v. First National Stores, 76 R.I. 349, 70 A.2d 822 (1950).

■ In my opinion the defendant's contention that the doctrine of res ipsa loquitur is inapplicable in this case because the defendant, as it claims, did not have exclusive control of said pills is without merit. A manufacturer relinquishes control of its product when it sells it to a wholesaler or distributor for resale to a consumer. It is well settled that a manufacturer cannot escape liability for injury from its defective product because it is an ultimate consumer and not its immediate vendee who is injured by reason of a defect in its product. Dement v. Olin-Mathieson Chemical Corp., 282 F.2d 76 (5th Cir. 1960); Wright v. Carter Products, Inc., 244 F.2d 53 (2nd Cir. 1957). A reasonable and sound statement of the limits of the "exclusive control" doctrine is set forth in Comment (g) to Restatement, Torts (2nd) § 328 D as follows, at page 161:

> "* * * It may be enough that the defendant was formerly in control, at the time of the probable negligence, as in the case of a beverage bottler whose product poisons the consumer, when there is sufficient evidence to eliminate the responsibility of intermediate dealers. Exclusive control is merely one fact which establishes the responsibility of the defendant, and if it can be established otherwise, exclusive control is not essential to a res ipsa case. The essential question becomes one of whether the probable cause is one which the defendant was under a duty to the plaintiff to anticipate or guard against."

If the defendant's argument were accepted, a consumer could never sue a manufacturer on a theory of res ipsa loquitur because the manufacturer never retains exclusive control over its product throughout the distributive process. Numerous courts have allowed consumers to sue a manufacturer on the theory of res ipsa loquitur for personal injuries suffered as a result of defects in products of which the consumer had physical possession at the time of injury where there was no indication that any other

handler of the product before it reached the consumer had contributed to said injury. Typical of these cases are Evangelio v. Metropolitan Bottling Co., 339 Mass. 177, 158 N.E.2d 342 (1959); Bornstein v. Metropolitan Bottling Co., 26 N.J. 263, 139 A.2d 404 (1957); Ryan v. Adam Scheidt Brewing Co., 197 F.2d 614 (3rd Cir. 1952). In addition the plaintiffs may at trial offer proof to negative the possibility of any improper handling which might have altered the condition of the pills involved herein. Franks v. National Dairy Products Corp., 282 F.Supp. 528 (W.D.Texas 1968).

An examination of the authorities shows a notable tendency to hold a manufacturer liable to a consumer for injury from a defective product over which the consumer had control in cases involving unfit food sold in sealed containers. See Prosser, Law of Torts (3rd Ed.) § 39, p. 219, n. 15 and cases and articles cited therein. See also Alfred A. Fiedler, Res Ipsa Loquitur In Products Liability, 1966 A.B.A. Sec. Ins.N. & C.L. 191; Harper & James, Law of Torts, Vol. 2, p. 1086; Prosser, Res Ipsa Loquitur in Calif., 37 Cal.L.Review 183.

Although it is not alleged in the plaintiffs' complaint, counsel for the plaintiffs, during oral argument on the defendant's motion for summary judgment, stated that said pills were purchased by Sandra Oresman in a sealed container and that an amended complaint could be filed to correct that omission in plaintiffs' complaint. It is assumed by the Court that such an amended complaint will be filed.

Additionally, in support of its motion the defendant contends that it cannot be said that the injury of which the plaintiff, Sandra Oresman, complains—a stroke—does not occur in the absence of negligence and therefore the doctrine of res ipsa loquitur cannot be applied in this case. In my opinion this contention of the defendant is without merit.

While I have found no case precisely in point, the authorities hold that a plaintiff may present evidence to establish that a heart attack was caused or precipitated by the negligence of a defendant. McCochran v. Guistino, 26 A.D.2d 539, 271 N.Y.S.2d 546 (1966); Carter v. Winter, 50 Ill.App.2d 467, 200 N.E.2d 528, aff'd 32 Ill.2d 275, 204 N.E.2d 755, cert. den. 382 U.S. 825, 86 S.Ct. 56, 15 L.Ed.2d 70 (1965); Nichols v. United States, 147 F.Supp. 6 (E.D.Va.1957); Walker v. St. Louis Public Service Co., 362 Mo. 648, 243 S.W.2d 92 (1951); Jorgenson v. Hillestad, 250 Wisc. 592, 27 N.W.2d 709 (1947). Similarly, evidence may be presented to prove causation or aggravation of cancer, Vanderhoff v. Fitzgerald, 72 Wash.2d 103, 431 P.2d 969 (1967); Goggin v. Peoples Transport Corp., 327 Mich. 404, 41 N.W.2d 908 (1950); Lee v. Blessing, 131 Conn. 569, 41 A.2d 337 (1945), or of arthritis, Davis v. Lesnack, 205 So.2d 77 (La.App.1967), writ refused, 251 La. 1034, 208 So.2d 318 (1968); Giles v. Yellow Cab Co., 1 Ohio App.2d 404, 205 N.E.2d 86 (1964); Johnson v. St. Louis Public Service Co., Mo.App., 256 S.W.2d 308 (1953).

I am not disposed to hold that the plaintiffs should be denied the opportunity to present evidence, if they can, that said birth control pills manufactured by the defendant caused the stroke suffered by the plaintiff Sandra Oresman.

Rule 56(c) of the Federal Rules of Civil Procedure governing summary judgment provides in pertinent part:

"(c) * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

In my opinion it cannot be said that there are no genuine issues as to any material facts involved in the claims asserted by plaintiffs in Count III. Accordingly, the defendant's motion for summary judgment as to Count III must be and it is denied.

## C. *Count IV.*

 The task of determining and applying the substantive law of Rhode Island with respect to this count is even more difficult due to a complete absence of any decisions thereon by the Rhode Island courts. In this count the plaintiffs rely upon the doctrine of strict liability in tort. To entitle the plaintiffs to a recovery under this doctrine, they need only establish by the required degree of proof that said birth control pills were manufactured by the defendant, that they were defective and that their defects caused the stroke alleged in said count. Restatement, Torts (2nd) § 402 A. Defendant has moved for summary judgment as to this count on the ground that the Supreme Court of Rhode Island has never adopted the doctrine of strict liability in tort, but rather appears to have limited a manufacturer's liability to those cases in which injuries are caused by defects which could have been discovered by reasonable inspection, citing Collette v. Page, 44 R.I. 26, 144 A. 136 (1921).[2] The defendant further contends that Klimas v. International Telephone and Telegraph Corp., supra, in which Judge Pettine held that a plaintiff could maintain an action against a manufacturer on the doctrine of strict liability in tort in Rhode Island, even in the absence of privity, is not established law, it not having been affirmed on appeal, and that in any event it is distinguishable from this case.

It is true that the Supreme Court of Rhode Island has not as yet adopted the doctrine of strict liability in tort; but it is also true that it has never rejected said doctrine. It has never been called upon to consider its adoption or rejection. The problem of determining the substantive law of the forum with regard to an issue which its courts have not yet considered is " * * * 'the most troublesome, the most unsatisfying in its consequences' of all the situations in which Erie requires a federal court to ascertain state law." Putman v. Erie City Manufacturing Co., supra, 338 F.2d at page 917. In Putman, the Court of Appeals, recognizing that the Supreme Court of Texas had not decided the issue of strict liability in tort by a manufacturer to a purchaser in the absence of privity, set forth what it believed to be the proper procedures to be followed by a federal court in such circumstances. The Court of Appeals held at page 917:

"The Court is forced, therefore, to look to 'all available data'; for example, 'to such sources as the Restatements of Law, treatises and law review commentary, and the majority rule'. keeping in mind that it must 'choose the rule which it believes the state court, from all that is known about its methods of reaching decisions is likely in the future to adopt.' * * * "

As said Court of Appeals recognized, when a state court has not spoken as to the particular issue that is before a federal court, the latter, acting as a state court would, may properly look to national trends to determine the better rule of law. In this regard it is clear that since 1958 an overwhelming majority of state courts which have considered the question have expanded the doctrine of strict liability in tort to many kinds of defective products regardless of negligence.

In this district Judge Pettine has recently held in Klimas v. International Telephone and Telegraph Corp., supra, that in his opinion the Supreme Court of

2. Collette v. Page is factually distinguishable from this case in that it did not involve a suit by a consumer against a manufacturer. However, Collette represented an extension of Rhode Island law regarding the liability of a defendant to one with whom he was not in privity. There, the Supreme Court followed MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N. E. 1050 (1916), in holding that privity was not required in negligence actions of the nature involved therein. Collette in no way purports to reject the doctrine of strict liability in tort. At the time it was decided the doctrine of strict liability was in its infancy. See Prosser, The Fall of The Citadel (Strict Liability To The Consumer), 50 Minn.L.Review 791 (1966).

Rhode Island would apply the doctrine of strict liability in tort to those selling—

"* * * any product in such a condition of defectiveness as to render the product dangerous to person or property * * *. This rule is applicable, * * * even though the person has not purchased the product from or entered into any contractual relation with the seller." Id. 297 F.Supp. at page 942.

To set forth all the reasons why Judge Pettine predicted that the Supreme Court of Rhode Island would adopt the doctrine of strict liability in tort would serve no useful purpose. They appear in his opinion.

It is my considered judgment that when presented with the issue the Supreme Court of Rhode Island, as so many courts have, will adopt the rule stated in Restatement, Torts (2nd) § 402 A which reads:

"402 A. Special Liability of Seller of Product for Physical Harm to User or Consumer.

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

In its memorandum defendant suggests that § 402 A, Comment K would exclude drugs such as contraceptives from its coverage. Said Comment K refers to "unavoidably unsafe products". Before this Court could rule that all contraceptive pills are "unavoidably unsafe products" within the meaning of Comment K, there should be probative evidence on the record in this case to that effect. There is none at this time.

The defendant's motion for summary judgment as to Count IV must be and is denied.

## DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT—RULE 12(e) F.R.C.P.

Defendant has moved for a more definite statement as to all four counts of said complaint on the ground that said complaint is "so vague and ambiguous that the defendant cannot reasonably be required to frame a responsive pleading". The particular alleged defects in each of said counts are as follows:

*Count I*

(1) Failure to allege date or dates of alleged purchase of pills;

(2) Failure to allege date or dates of alleged consumption of pills;

(3) Failure to allege date of onset, if any, of symptoms prior to alleged stroke;

(4) Failure to allege date of alleged stroke;

(5) Failure to allege whether pills were purchased directly from defendant or from a distributor;

(6) Failure to allege the nature of the packaging of said pills.

*Count II*

# # 1–4 above.

*Count III*

# # 1–4 above. In addition defendant desires that plaintiffs be required to aver specifically whether the claims alleged therein are based on negligence or breach of warranty.

*Count IV*

# # 1–4 above.

Rule 12(e), Federal Rules of Civil Procedure, which relates to motions for more definite statements, provides in pertinent part:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. * * * "

 A defendant is entitled to a more definite statement only when the complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading". If the complaint fairly gives notice of the claim or claims asserted therein, a motion for a more definite statement must be denied. Schaedler v. Reading Eagle Publication, Inc., 370 F.2d 795 (3rd Cir. 1967); Mitchell v. E–Z Way Towers, Inc., 269 F.2d 126 (5th Cir. 1959); B-H Trans. Co. v. Great Atlantic & Pac. Tea Co., 44 F.R.D. 436 (S.D.N.Y.1968); Bennett v. Richardson-Merrell, Inc., 231 F.Supp. 150 (E.D.Ill.1964); Canuel v. Oskoian, 23 F.R.D. 309 (D.R.I.1959). It is not to be used in lieu of discovery procedures.

 The defendant's motion for a more definite statement is granted as to items (4), (5) and (6). The date of the alleged stroke should be alleged in order that defendant may plead the statute of limitations if it be applicable. See International Harvester Co. v. General Insurance Company of America, 45 F.R.D. 4 (E.D.Wisc.1968); Supreme Wine Co., Inc. v. Distributors of New England, Inc., 198 F.Supp. 318 (D.Mass. 1961). Similarly, the plaintiffs should allege in their complaint the name of the person from whom said pills were purchased and that they were purchased in sealed containers, if they were.

The information sought in items 1-3, inclusive, is not essential to enable the defendant to frame a responsive pleading. Accordingly its motion for a more definite statement as to those items is denied. It may, if it so desires, have resort to discovery procedures to obtain the information sought therein.

Finally, its motion for a more definite statement as to whether the plaintiffs are asserting claims based upon negligence or breach of warranty in Count III is denied. In my opinion said count clearly states claims based upon negligence.

The defendant's motion for a more definite statement is granted to the extent hereinbefore set forth. In all other respects, it is denied.

Counsel for the plaintiffs will prepare and present for entry an appropriate order.