[Cite as *Wozniak v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-2648.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RICHARD WOZNIAK

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, et al.

    Defendants
    Case No. 2009-04505

Judge Alan C. Travis
Magistrate Matthew C. Rambo

<u>JUDGMENT ENTRY</u>

{¶ 1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} At all times relevant, plaintiff was an inmate in the custody and control of defendants pursuant to R.C. 5120.16. Plaintiff testified that on April 14, 2009, two inmates in his Jefferson D Housing unit at Madison Correctional Institution (MaCI) were throwing toilet paper "spit balls" at each other when one of them struck Corrections Officer (CO) Paulini. According to plaintiff, the shift supervisor placed the unit on "lockdown," as punishment for the incident. Plaintiff stated that the lockdown included restrictions on library access, recreation privileges, and religious services until April 20, 2009. Plaintiff testified that a CO informed him that he could leave the housing unit only to go to work and to comply with "passes" issued by MaCI staff. Even so, plaintiff admitted that he "took one for the team" and visited the library on April 15, 2009, which resulted in a conduct report being issued to plaintiff for being "out of place." (Defendants' Exhibit B.)

**{¶ 3}** Plaintiff claims that defendants' policies dictate that lockdown can only continue for 24 hours and that in this instance it was impermissibly extended for nearly six days. Plaintiff further claims that defendants' policies prohibit "group punishments" and that, as such, it was contrary to policy for his privileges to be restricted due to the actions of a select few inmates in his housing unit. Plaintiff stated that the crux of his complaint is that defendants should not be permitted to "punish a large group of people for the actions of a few" and should not "have the authority to restrict inmate movements at will."

**{¶ 4}** The Supreme Court of Ohio has held that "[t]he language in R.C. 2743.02 that 'the state' shall 'have its liability determined * * * in accordance with the same rules of law applicable to suits between private parties * * *' means that the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." *Reynolds v. State* (1984), 14 Ohio St.3d 68, 70. Prison administrators are provided "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish* (1979), 441 U.S. 520, 547.

**{¶ 5}** The court finds that the decisions to place the Jefferson D Housing unit on lockdown and restrict the movements and privileges of the inmates in that unit are characterized by a high degree of official judgment or discretion. Therefore, defendants are entitled to discretionary immunity for claims arising from those decisions.

**{¶ 6}** Based upon the foregoing, judgment is rendered in favor of defendants. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

Case No. 2009-04505                     - 3 -                     JUDGMENT ENTRY


_____
ALAN C. TRAVIS
Judge

cc:


Jennifer A. Adair                       Richard Wozniak
Assistant Attorney General              1928 Merryhill Drive
150 East Gay Street, 18th Floor         Columbus, Ohio 43219
Columbus, Ohio 43215-3130


MR/cmd/Filed May 17, 2010/To S.C. reporter June 9, 2010