[Cite as *Lucero v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-1410.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ARTURO LUCERO

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, et al.

     Defendants
     Case No. 2008-08019

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

JUDGMENT ENTRY

**{¶ 1}** Plaintiff brought this action alleging negligence. A trial was held on the issue of liability, and on November 10, 2010, the magistrate issued a decision recommending judgment for defendants.

**{¶ 2}** Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." On January 4, 2011, with leave of the court, plaintiff filed his objections. A transcript of proceedings was filed on December 23, 2010, pursuant to Civ.R.53(D)(3)(b)(iii). On January 7, 2011, defendants filed a response.

**{¶ 3}** At all times relevant, plaintiff was an inmate in the custody and control of defendants pursuant to R.C. 5120.16. Plaintiff alleges that on August 17, 2007, he sent a "kite" to Unit Sergeant Christman wherein he requested that he be moved to another housing unit because he and inmate Caldwell "almost got into a fight." On August 29, 2007, Caldwell approached plaintiff and asked if he wanted to trade some beans for

some rice.  Plaintiff declined the offer and asked Caldwell to leave, at which time Caldwell punched plaintiff in the face.  Plaintiff responded by pushing Caldwell, who then left the area.  Caldwell returned several minutes later and cut plaintiff's face and back with a sharpened lid from an aluminum can.  Plaintiff swung an empty five-gallon bucket at Caldwell, who turned and ran away.

{¶ 4}  The magistrate determined that plaintiff failed to establish that defendants had either actual or constructive notice that Caldwell was going to attack plaintiff inasmuch as the "kite" produced by plaintiff did not appear genuine.

{¶ 5}  In his first objection, plaintiff asserts that the magistrate erred in "allowing [plaintiff's expert] to be questioned whether the signature could be a forgery and then cutting off his response."  (Emphasis in original.)  The court disagrees.  A party, upon cross-examination of an opposing party's expert, may challenge the expert's opinion by inquiring about other possible conclusions that may be drawn from the same evidence.  See *Smith v. Mitchell* (1988), 35 Ohio St.3d 237, 239; *Giles v. Yellow Cab Co.* (1964), 1 Ohio App.2d 404, 407-8.  Moreover, the magistrate did not base his finding solely upon Christman's testimony that the signature on the kite was not his.  Indeed, the magistrate heard testimony regarding defendants' kite-processing requirements and found that plaintiff's kite did not contain any indicia that it had been processed.  Plaintiff's first objection shall be overruled.

{¶ 6}  In his second and fourth objections, plaintiff argues that the magistrate erred in accepting Christman's testimony that he did not receive the kite, despite the testimony of plaintiff's expert that Christman's signature on the kite was authentic.  However, it is well-settled that the magistrate, as a trier of fact, is in the best position to weigh both the testimony and the credibility of witnesses.  *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80.  Upon review of the transcripts and other documentary evidence presented at trial, the court finds that the magistrate properly weighed the evidence in determining that plaintiff failed to establish either actual or

constructive notice of an impending attack upon plaintiff by Caldwell. Plaintiff's second and fourth objections shall be overruled.

**{¶ 7}** In his third objection, plaintiff argues that the magistrate erred by ignoring plaintiff's claim that defendants failed to provide adequate supervision of the inmates in housing unit F-2, second floor. Plaintiff argues that had defendants' corrections officers (COs) observed the initial altercation between plaintiff and Caldwell, the two inmates would have been placed in segregation and the second, more serious assault would not have taken place.

**{¶ 8}** The magistrate found that defendants' COs were on their scheduled rounds when the first incident took place but that they did not see the initial altercation between plaintiff and Caldwell. The magistrate also found that F-2 housed some 280 inmates on two floors in a dormitory-style setting.

**{¶ 9}** To the extent that plaintiff challenges staffing and employment decisions made by defendants in supervising inmates within plaintiff's housing unit, this court has consistently held that defendants are immune from liability in negligence for such decisions. *Reynolds v. State* (1984), 14 Ohio St.3d 68; *Wozniak v Ohio Dept. of Rehab. and Corr.*, Ct. of Cl. No. 2009-04505, 2010-Ohio-2648. Indeed, given the large number of inmates assigned to F-2 and the size and configuration of the unit, it stands to reason that even the most vigilant CO could miss a brief altercation between two inmates living in the same general area. Thus, while the magistrate did not expressly find that defendants' COs exercised due care in making their rounds on the date and time in question, the obvious conclusion to be drawn from his factual findings and the totality of the evidence presented is that defendants met the standard of care. It is simply unreasonable to expect that the defendants would maintain uninterrupted surveillance of every inmate at all times. Plaintiff's third objection shall be overruled.

**{¶ 10}** In his fifth objection, plaintiff asserts that the magistrate's decision is contrary to law and is against the manifest weight of the evidence. The court disagrees. In accordance with Civ.R. 53, the trial court must conduct a de novo review of the facts

and conclusions contained in the magistrate's report and enter its own judgment. See *Shihab & Assoc. Co., L.P.A. v. Ohio Dept. of Transp.,* 168 Ohio App.3d 405, 2006-Ohio-4456; *Dayton v. Whiting* (1996), 110 Ohio App.3d 115, 118. Upon review of the trial transcript and other documentary evidence presented at trial, the court agrees with the magistrate's conclusion that Christman did not sign the kite. As the magistrate determined, the document does not contain any indicia that it had been processed pursuant to defendants' established procedure. Thus, defendants did not have either constructive or actual notice that Caldwell would attack plaintiff. In short, the magistrate correctly applied the law and properly weighed the evidence. Plaintiff's fifth objection shall be overruled.

{¶ 11} Upon review of the record, the magistrate's decision, the objections, trial transcript, and other documentary evidence, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including the findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendants. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Eric A. Walker
Paula Luna Paoletti
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Richard F. Swope
6480 East Main Street, Suite 102
Reynoldsburg, Ohio 43068

GWP/cmd
Filed March 1, 2011
To S.C. reporter March 22, 2011