[Cite as *Forester v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-1431.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


JOHN W. FORESTER

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2009-08357

Judge Alan C. Travis
Magistrate Matthew C. Rambo

DECISION


{¶ 1} Plaintiff brought this action alleging negligence. A trial was held on the issue of liability. On January 4, 2011, the magistrate issued a decision recommending judgment for defendant.

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." On February 9, 2011, with leave of the court, plaintiff filed his objections and an affidavit of evidence pursuant to Civ.R. 53(D)(3)(b)(iii).

{¶ 3} On February 18, 2011, defendant filed a "memorandum in opposition to plaintiff's affidavit of evidence and plaintiff's objections to the magistrate's decision." On February 28, 2011, plaintiff filed a response. Civ.R. 53(D)(3)(b)(iii), states in part: "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence

submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."

{¶ 4} In *Wolfe v. Ohio Dept. of Rehab. and Corr.*, Franklin App. No. 10AP-443, 2010-Ohio-6180, the Tenth District Court of Appeals determined that a transcript of proceedings is "unavailable" to the objecting party where proof of indigence is provided. Id. at ¶14. In accordance with the rule, plaintiff has provided satisfactory proof of indigence and he has submitted his own affidavit of evidence relevant to his objections summarizing the relevant testimony at trial. Defendant's objection to plaintiff's affidavit of merit shall be overruled.

{¶ 5} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the London Correctional Institution (LCI) pursuant to R.C. 5120.16. On April 20, 2009, plaintiff was working in the "dish room" of the LCI kitchen loading pans into the dishwasher. While trying to separate two such pans, plaintiff cut his left index finger on a sharp edge of one of the pans. Plaintiff asserts that defendant was negligent in permitting pans with sharp edges to be used in food service, that he was not properly trained in the handling of the pans, and that he was not provided supervision or safety equipment while working in the kitchen. The magistrate determined that plaintiff failed to establish that defendant committed a breach of its duty of care, and that the greater weight of the evidence showed that plaintiff's own lack of care was the sole proximate cause of his injury.

{¶ 6} In his first objection, plaintiff argues that the magistrate erred in "ruling inmates received adequate training because of plaintiff's prior service in prison food services." According to his affidavit of evidence, plaintiff testified at trial that he did not receive any formal training when he was assigned to the kitchen. However, plaintiff admits in his affidavit of evidence that he did attend a "session where forms were presented," which plaintiff initialed and signed. Additionally, plaintiff admits in his

affidavit of evidence that he had "previously worked in food service at Noble Correctional Institution when they had me view a video, one for each area of the kitchen." The magistrate determined that although the training plaintiff received may have been minimal, given plaintiff's experience working in kitchens in at least two different correctional facilities, that he was, or should have been, familiar with the operational and safety procedures of the kitchen. The court agrees with the magistrate's conclusion. Plaintiff's first objection shall be overruled.

{¶ 7} In his second and third objections, plaintiff generally argues that the magistrate erred in finding that plaintiff's knowledge of the existence of defective pans was evidence of plaintiff's negligence but that defendant's allegedly inadequate inspection and removal practice was not evidence of defendant's negligence. According to his affidavit of evidence, plaintiff testified at trial that "[a]s I began to separate [the pans] I noticed they had sharp jagged edges, but because of the pressure to keep up and not cause a back up by calling a supervisor, as I separated them, my hand was caught by the sharp edge and my left index finger was severely cut." Additionally, in his affidavit, plaintiff states that he had "discussed the dangerous pans with Mr. Shelton several times and some pans were removed, but others were not and I was required to work with the damaged pans, using caution since they were not removed * * *."

{¶ 8} According to plaintiff's affidavit of evidence, Timberly Minor testified at trial that once a Food Service Coordinator (FSC) is informed of a defective pan he or she is required to remove it. Minor also stated that FSCs regularly inspect pans and remove any defective pans. It is well-settled that the magistrate, as the trier of fact, is in the best position to weigh the testimony and assess the credibility of witnesses. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80. Upon review of plaintiff's affidavit and other documentary evidence at trial, the court finds that the magistrate properly

weighed the evidence presented in making the determination both that plaintiff failed to establish that defendant committed a breach of its duty of care and that plaintiff's lack of care was the sole proximate cause of his injury. Plaintiff's second and third objections shall be overruled.

**{¶ 9}** In his fourth objection, plaintiff argues that the magistrate erred by not concluding that defendant failed to properly supervise the workers. According to his affidavit of evidence, plaintiff testified at trial that there was no supervisor in the dish room and no supervisor to whom he could report defective pans. However, plaintiff acknowledges that Minor testified that a FSC is assigned to the dish room. Although the magistrate did not specifically find that a FSC was assigned to the dish room, the magistrate did determine that plaintiff "chose not to inform kitchen staff" as it would have caused a "back up." The court agrees with the magistrate's conclusion.

**{¶ 10}** Similarly, to the extent that plaintiff challenges defendant's staffing and deployment decisions, this court has consistently held that defendant is immune from liability in negligence for such decisions. *Reynolds v. State* (1984), 14 Ohio St.3d 68; *Wozniak v Ohio Dept. of Rehab. and Corr.*, Ct. of Cl. No. 2009-04505, 2010-Ohio-2648. Plaintiff's fourth objection shall be overruled.

**{¶ 11}** In plaintiff's fifth objection, plaintiff argues that the magistrate's decision is against the manifest weight of the evidence. The court disagrees. In accordance with Civ.R. 53, the trial court must conduct a de novo review of the facts and conclusions contained in the magistrate's report and enter its own judgment. See *Shihab & Assoc. Co., L.P.A. v. Ohio Dept. of Transp.*, 168 Ohio App.3d 405, 2006-Ohio-4456; *Dayton v. Whiting* (1996), 110 Ohio App.3d 115, 118. Upon review of plaintiff's affidavit and the other documentary evidence presented at trial, the court finds that the magistrate properly determined the factual issues and appropriately applied the law. Therefore, the objections shall be overruled and the court shall adopt the magistrate's decision and

recommendation as its own, including the findings of fact and conclusions of law contained therein.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


JOHN W. FORESTER

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant
     Case No. 2009-08357

Judge Alan C. Travis
Magistrate Matthew C. Rambo

<u>JUDGMENT ENTRY</u>


For the reasons set forth in the decision filed concurrently herewith, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


_____
ALAN C. TRAVIS

Judge

cc:

Richard F. Swope                      Steven C. McGann
6480 East Main Street, Suite 102      Assistant Attorney General
Reynoldsburg, Ohio 43068              150 East Gay Street, 18th Floor
                                      Columbus, Ohio 43215-3130

LP/GWP/cmd
Filed March 14, 2011
To S.C. reporter March 22, 2011