JOSE FORMOSA, Respondent, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Third Department, March 13, 1962.

*Whalen, McNamee, Creble & Nichols (Earl H. Gallup, Jr.,* of counsel), for appellant.

*Pennock & Roberts (John H. Pennock* of counsel), for respondent.

COON, J. Appeal by the defendant from a judgment of the Supreme Court in favor of the plaintiff in an action brought

pursuant to the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51 *et seq.*), and from an order denying its motion for a dismissal of the complaint at the close of plaintiff's case, denying a directed verdict, and denying a new trial. The trial court reserved decision on the first two motions until after the matter had been submitted to the jury and the jury had returned a unanimous verdict in favor of the plaintiff for $18,950. Defendant contends that there is no evidence of any negligence on the part of defendant.

Plaintiff was employed by defendant as a car repairman and worked at its yards at Selkirk, N. Y. After lunch on September 14, 1957, plaintiff and a co-worker with whom he worked as a team, were instructed to replace a broken carrier iron on a freight car located on Track 9. A carrier iron is a plate which goes underneath and bears the weight of the coupler mechanism which weighs 300 pounds or more. Plaintiff and his co-worker were informed by the foreman that the job must be completed before quitting time at 4:00 P.M. They placed a jack under the coupler on the car to be repaired and raised the weight of the coupler from the carrier iron while they removed the latter. They were then told by the foreman that there were no carrier irons in the stock room to replace the defective carrier iron which had been removed, and were instructed to look for a disabled car of the same type, to remove the carrier iron therefrom, and use it to complete the repair job which they had started. The two employees searched about the yards for such a car and finally located one on Track 4, a considerable distance away. This was the first time that plaintiff had ever been called upon to obtain a carrier iron from another car, and he had never before worked on Track 4. It is a fair inference that there was no jack available in the vicinity and there were no other employees around who could assist. Plaintiff attempted to lift the coupler manually while his co-worker removed the carrier iron. In so doing plaintiff injured his back and suffered a herniated intervertebral disc.

Of course under the Federal Employers' Liability Act contributory negligence is not a complete defense and the assumption of risk is not a defense. As judicially interpreted it requires very little evidence of negligence on the part of the employer to make a jury question. If there is any evidence at all which could reasonably justify a jury in finding that the employer was negligent in any degree whatever, the facts must be submitted to a jury. (*Rogers* v. *Missouri Pacific R. R. Co.,* 352 U. S. 500.) Here the only jack available, as far as it appears in the record, was the jack which plaintiff and his co-worker had

used on the car on Track 9 and which was still in use holding up the coupling. Since the carrier iron had already been removed from that car, if the jack was removed the coupler would fall to the ground. Under the circumstances it was entirely reasonable that the plaintiff would attempt to lift the coupler by manual strength.

Under the liberal interpretation judicially given to the Federal Employers' Liability Act a jury could reasonably find that the defendant was negligent in requiring plaintiff to undertake something which he had never done before in a place where he had never worked before, without adequate equipment or help, and with a time limitation on the completion of the job. It was proper for the trial court to submit the question to the jury.

The order and judgment should be affirmed, with costs.

BERGAN, P. J., GIBSON, HERLIHY and TAYLOR, JJ., concur.

Order and judgment affirmed, with costs.