■ IRENE A. SYDNOR, as Administratrix of the Estate of CLARENCE W. SYDNOR, Deceased, Respondent, v RICHARD C. BOND et al., as Trustees in Reorganization of the Penn Central Transportation Co., Formerly the New York Central Railroad, Appellants.—Appeal from a judgment of the Supreme Court, entered February 3, 1975 in Albany County, upon a verdict rendered at a Trial Term in favor of plaintiff in an action for wrongful death. Plaintiff brought this action pursuant to the Federal Employer's Liability Act (FELA) (US Code, tit 45, §§ 51-60) to recover damages for the death of her husband, an employee of the New York Central Railroad. On March 3, 1966, while employed as a trackman or laborer and in the course of his duties with a maintenance crew marking railway ties in need of repair on defendant's tracks, plaintiff's husband was struck and killed by a westbound passenger train. After a trial, the jury determined that defendant's negligence played a part in causing its employee's death and that, as a result thereof, decedent's wife and children suffered a pecuniary loss of $225,000. Since it likewise found that decedent was guilty of negligence which contributed to the occurrence "roughly ten percent", however, it reduced the verdict by $25,000 and awarded plaintiff $200,000. On this

appeal, defendant makes two contentions relating to the issue of liability, to wit: that the court erred in denying the motion for nonsuit at the close of plaintiff's case and that the verdict is against the weight of the evidence. We find both of these arguments to be without merit. The quantum of negligence necessary to establish liability is much less in an FELA case than it would be in an ordinary negligence case *(Heater v Chesapeake & Ohio Ry. Co.,* 497 F2d 1243, cert den 419 US 1013; see, also, *Licitra v New York Cent. R. R. Co.,* 26 AD2d 539; *Formosa v New York Cent. R. R. Co.,* 16 AD2d 80), and the test of a jury case under the statute herein is: "simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *(Rogers v Missouri Pacific R. R. Co.,* 352 US 500, 506.) In this instance, there is evidence in the record to the effect that defendant's supervisory personnel left decedent, an admittedly inexperienced railroad worker, alone and without a lookout in a hazardous location near three tracks when two trains were expected to pass by momentarily and also that the operators of the train which struck decedent gave him inadequate warning of its approach. Based upon such evidence as this, we cannot say that the jury's verdict in favor of plaintiff on this issue amounted to a totally unreasonable conclusion, and, therefore, it must be sustained *(Lane v Gorman,* 347 F2d 332). Likewise, we find no merit to defendant's contention that the verdict is excessive. In a wrongful death action under FELA, the deceased employee's representative is entitled to be compensated, *inter alia,* for (1) the present value of financial contributions which decedent would reasonably be expected to have given his family had he lived; (2) the pecuniary value of services which his wife might reasonably have expected to receive from him in the future; and (3) the loss to his children during their respective minorities of the training, nurture, education and guidance of their father *(Metcalfe v Atchison, Topeka & Santa Fe Ry. Co.,* 491 F2d 892). The record herein establishes that decedent was 32 years old and had a life expectancy of 34.6 years at the time of his death, and that he left a 42-year-old wife, two seven-year-old sons, and an eight-month-old daughter. Additionally, he was apparently a devoted and loving father and husband and a hardworking and industrious employee who worked at more than one job at a time. Considering all of these factors, we find that the verdict is neither "clearly excessive" *(Sandor v Katz,* 27 AD2d 766) nor does it shock judicial conscience and raise the irresistible inference that passion, prejudice, corruption or other unjust cause invaded the trial *(Metcalfe v Atchison Topeka & Santa Fe Ry. Co., supra).* Accordingly, it should be sustained. Judgment affirmed, with costs. Koreman, P. J., Greenblott, Kane, Main and Larkin, JJ., concur.